**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VALENCIA PAYNE <br> 5536 Ardleigh Street <br> Philadelphia, PA 19138 <br>      Plaintiff <br>  v. <br> <br> ST. MORITZ SECURITY SERVICES, INC. <br> 501 Washington Lane <br> Jenkintown, PA 19046 <br>      Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> :   Civil Action No. _____ <br> : <br> : |

## CIVIL COMPLAINT

Plaintiff, Valencia Payne, by and through her attorneys, the Derek Smith Law Group, PLLC, hereby bring this legal action seeking relief from Defendant, St. Moritz Security Services, Inc., under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and the Equal Pay Act, 29 U.S.C. §206(d)(1), for discrimination, refusal to pay Plaintiff equal pay on account of her gender/sex, and for retaliation. Plaintiff alleges and avers in support thereof:

### Parties

1. Plaintiff, Valencia Payne, is an adult African American female individual approximately fifty-five years of age who, at all times relevant, worked for Defendant, St. Moritz Security Services, Inc., as an Armed Security Guard.

2. Defendant, St. Moritz Security Services, Inc. ("Defendant"), is an entity and/or organization incorporated and duly existing under the laws of the Commonwealth of Pennsylvania, with a registered office at the above captioned address, and at all times relevant, was Plaintiff's employer. Defendant has a registered address with the Department of State of the

Commonwealth of Pennsylvania at 4616 Clairton Boulevard, Pittsburgh, PA 15236-2114.

3. At all times relevant, Defendant agreed, accepted, adopted, acquiesced, and/or otherwise were bound by the actions, omission, and conduct of its owners, officers, managers, supervisors, employees, and/or agents including Eulance Polk.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this matter as it involves a Federal Question, 28 U.S.C. §1331, and the Court maintains supplemental jurisdiction, 28 U.S.C. §1367, over the Pennsylvania state law causes of action.

5. Venue is appropriate before this Court as all parties reside in the Eastern District of Pennsylvania and all actions and omissions giving rise to this litigation occurred in the Eastern District of Pennsylvania (i.e. Philadelphia, Montgomery, Delaware, Bucks, and Chester County).

6. Furthermore, Plaintiff has exhausted administrative remedies to bring her claims of discrimination, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission, and having received a Notice of Right to Sue.

## Summary of Facts

7. Plaintiff worked for Defendant as an Armed Security Guard from approximately May 29, 2008 to March 26, 2021, when she was wrongfully removed from the schedule and not placed back on the schedule, and thereby terminated. Plaintiff's employment with Defendant had a brief lapse of a few months in 2019 when Defendant claimed to have no work for Plaintiff and Plaintiff went on unemployment, before returning to work for Defendant.

8. During her employment, Plaintiff was continually underpaid in relation to similarly situated male employees.

9. Plaintiff was paid $14.00 an hour in 2019 and 2020 while similarly situated male employees and Armed Security Guards, including newly hired male employees, earned $16.00, $16.50, and possibly more money an hour.

10. In December of 2020 Plaintiff complained to Defendant's corporate office about gender discriminatory pay, and she was directed to speak with Eulance Polk (male supervisor).

11. Mr. Polk is believed to oversee Defendant's operations in the Southeastern Pennsylvania area, including setting rates of pay and scheduling employees for work.

12. Plaintiff complained verbally to Mr. Polk about gender discriminatory pay, and he told her he would take care of it, including paying Plaintiff for underpayments for the past few years.

13. In late December 2020 Plaintiff followed-up her conversation with Mr. Polk with a facsimile requesting a payrate increase from $14.00 an hour to $16.00 an hour, and requesting that her pay from 2019 and 2020 be adjusted so that she receives equal compensation as her similarly situated male peers and co-workers for that time.

14. Plaintiff's pay was increased to $16.00 an hour, however, she was terminated on March 26, 2021 when she was removed from Defendant's scheduled and not placed back at work.

15. Plaintiff was also transferred during the time between her pay increase and termination, from working at DTLR/Villa Clothing Store in Philadelphia (12/27/2020 to 2/11/2021), which was her most frequent work location during her second round of employment with Defendant, to Tourneau in King of Prussia (~2/11/2021 to 3/26/2021), which required Plaintiff to commute at a time Plaintiff did not have personal transportation.

16.     Plaintiff's final paycheck working for Defendant was for $16.50 an hour, but Plaintiff was never informed of the reason for the 50 cent an hour increase.

17.     As noted, Defendant stopped placing Plaintiff on the schedule for work after March 26, 2021, and she has not worked for Defendant since, and thus was terminated.

18.     Plaintiff filed a Charge of Discrimination with administrative agencies including the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission, on March 9, 2021, regarding gender discrimination and unequal pay.

19.     It is alleged and believed Defendant became aware and was motivated by Plaintiff's Charge of Discrimination, when deciding to remove Plaintiff from the schedule.

20.     Plaintiff knew she was underpaid in relation to similarly situated, and even less qualified, male employees by having spoken with her co-workers and peers.

21.     As an example, and not inclusive of all examples, Plaintiff's friend Akeem Barr, an Armed Security Guard working for Defendant, informed Plaintiff he earned $16.50 an hour at a time when Plaintiff earned $14.00 an hour.  Tamir (Last Name Unknown), a male Armed Security Guard recently hired by Defendant that Plaintiff trained, informed her that he was earning $16.50 an hour.  Also, Plaintiff was informed the employee that replaced her at DTLR/Villa Clothing Store in Philadelphia in 2021, was earning $16.50 an hour.

22.     Plaintiff alleges and believes she was underpaid because of her gender.

23.     Plaintiff alleges and believes she was subject to retaliation when she was removed from the schedule, and/or transferred to a less favorable location, all for having complained about gender discriminatory pay.

24.     At all times, Plaintiff was qualified for her job as an Armed Security Guard and was well-liked by peers, co-workers, and customers.

**COUNT ONE**
**Gender/Sex Discrimination in Pay**
*Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)*
**Plaintiff v. Defendant**

25. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

26. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a) [Section 703] provides that it shall be an unlawful employment practice for an employer: "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's … sex . . ."

27. Defendant discriminated against Plaintiff by not paying her equally with similarly situated, and even less qualified, male employees and Armed Security Guards.

28. Plaintiff was paid less than similarly situated male employees and Armed Security Guards, including and up to several dollars an hour difference.

29. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by subjecting Plaintiff to the foregoing discrimination on the basis of her sex/gender.

30. As a direct and proximate result of Defendant's discrimination and disparate treatment, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

31. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory of liability.

32. Plaintiff seeks attorney's fees, costs, and any and all punitive, liquidated, and/or other damages available at law.

33. Plaintiff seeks equitable relief in the form of fair payrates for women and/or reinstatement.

WHEREFORE, Plaintiff, Valencia Payne, hereby demands judgment in her favor and against Defendant, St. Moritz Security Services, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT TWO
### Retaliation
*Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)*
**Plaintiff v. Defendant**

34. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

35. Under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a), it is unlawful for an employer: "(1) to . . . discriminate against any of his/her employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

36. Plaintiff opposed Defendant's practice of underpaying female employees and Armed Security Guards in relation to similarly situated male employees and Armed Security Guards, and made several complaints to management, corporate office, and supervisor Mr. Polk about this discrimination, including the December 2020 facsimile.

37. Defendant thereafter removed Plaintiff from the schedule, terminated Plaintiff, and possibly disciplined Plaintiff (Plaintiff does not have a copy of her employee file).

38. Defendant's adverse employment actions set forth above are/were temporally proximate to her protected activity of having complained, and thus raise an inference of

retaliation.

39. Alternatively, there is/was a series of antagonism or antagonistic treatment towards Plaintiff following her protected activity such that an inference of retaliation arises.

40. As an example, and not inclusive of all examples, Plaintiff was transferred to a location in King of Prussia, PA where Plaintiff was required to carpool or take other transportation, which was detrimental and inconvenient, and Defendant was aware.

41. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

42. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under a mixed-motive theory.

43. Plaintiff seeks attorney's fees, costs, punitive damages, liquidated damages, and/or all other damages and relief available under law.

44. Plaintiff seeks equitable relief in the form of fair payrates for women and/or reinstatement.

WHEREFORE, Plaintiff, Valencia Payne, hereby demands judgment in her favor and against Defendant, St. Moritz Security Services, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT THREE
### Unequal Pay – Discrimination – Disparate Treatment – Retaliation
*Pennsylvania Human Relations Act, 43 P.S. § 951, et. seq. ("PHRA")*
**Plaintiff v. Defendant**

45. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

46. Defendant is an employer under the Pennsylvania Human Relations Act as it employs the requisite number of citizens of the Commonwealth of Pennsylvania, and because Defendant resides in the Commonwealth.

47. Plaintiff is protected under the Pennsylvania Human Relations Act as she works for an employer under the Act, and she has protected classes in her gender.

48. Defendant has subjected Plaintiff to unequal pay on the basis of gender, and thus discriminatory and disparate treatment as alleged *supra*.

49. Defendant has treated similarly situated employees and Armed Security Guards outside Plaintiff's protected class more favorable when it comes to pay and compensation over the course of many years, as alleged *supra*.

50. Furthermore, Plaintiff complained and took protected activity by complaining about the discriminatory pay, including the filing of a Charge of Discrimination, and in response Defendant retaliated against Plaintiff as alleged *supra*.

51. As a direct and proximate result of Defendant's discrimination, disparate treatment, and retaliation, Plaintiff has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out-of-pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms, all to Plaintiff's great detriment.

52. Plaintiff seeks attorney's fees and costs under the Pennsylvania Human Relations Act, as well as all other damages and relief available including equitable relief.

53. Alternatively, Defendant's actions were motivated by the foregoing discrimination and thus Plaintiff is entitled to attorney's fees under the mixed-motive theory.

WHEREFORE, Plaintiff, Valencia Payne, hereby demands judgment in her favor and against Defendant, St. Moritz Security Services, Inc., for any and all damages deemed necessary and just by the Court.

## COUNT FOUR
### Unequal Pay– Gender Discrimination
*Equal Pay Act of 1963, 29 U.S.C. § 206 (d)(1)*
### Plaintiff v. Defendant

54. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

55. Defendant is subject to the Equal Pay Act as Defendant fits the definition of an employer under the Fair Labor Standards Act ("FLSA"), which includes any person acting directly or indirectly in the interest of an employer in relation to an employee.

56. Plaintiff is subject to the Equal Pay Act as she fits the definition of employee under the FLSA, which is any individual employed by an employer.

57. The Equal Pay Act, 29 U.S.C. §206(d)(1), provides in relevant part:

> i. <u>Prohibition of sex discrimination</u>. ***No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions***, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: Provided, That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

…

9

      ii. For purposes of administration and enforcement, any amounts owing to any employee which have been withheld in violation of this subsection shall be deemed to be unpaid minimum wages or unpaid overtime compensation under this chapter.

29 U.S.C. §206(d)(1)(emphasis added)

58. Defendant violated the foregoing provision of the Equal Pay Act by underpaying Plaintiff in relation to male peers, employees, and co-workers, including Armed Security Guards.

59. As a direct and proximate result of Defendant's underpayment, Plaintiff has suffered loss of back pay and other damages, all of which she seeks redress, including all back pay damages, interest, attorney's fees, and costs of litigation.

60. Defendant lacked good faith in its actions to deprive Plaintiff equal pay and thus Plaintiff is further entitled to liquidated damages, or a doubling of her backpay damages.

WHEREFORE, Plaintiff, Valencia Payne, hereby demands judgment in her favor and against Defendant, St. Moritz Security Services, Inc., for any and all damages deemed necessary and just by the Court.

### COUNT FIVE
### Retaliation
*Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §215(a)(3)*
**Plaintiff v. Defendants**

61. Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

62. The Fair Labor Standards Act, 29 U.S.C.A. §215(a)(3), which encompasses the Equal Pay Act, provides in relevant part that it shall be unlawful:

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

29 U.S.C.A. §215(a)(3)

63. Plaintiff engaged in protected activity when she made verbal and written complaints to management, corporate, and supervisors about underpayment in relation to male employees and co-workers.

64. Plaintiff engaged in protected activity when she escalated her complaints to administrative agencies by having filed a Charge of Discrimination about unequal pay on account of gender discrimination.

65. Defendant retaliated against Plaintiff as a result of her protected activity by disciplining Plaintiff, transferring Plaintiff, removing Plaintiff from the schedule, and ultimately terminating Plaintiff.

66. Defendant's adverse actions were temporally proximate to Plaintiff's protected activities such that an inference of discrimination arises, and/or there is a series of animus and/or antagonism following the protected activity such that an inference of retaliation arises.

67. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, loss of back pay, loss of front pay, out-of-pocket expense, loss of amenities of employment, emotional damages, pain and suffering, alienation from society, embarrassment, humiliation, and other damages all to her great detriment.

68. Plaintiff seeks damages recoverable, including liquidated damages or double the amount of her wage loss, due to Defendant's intentional and bad faith conduct; emotional damages; and, punitive damages.

69. Plaintiff seeks interest, attorney's fees, and costs.

WHEREFORE, Plaintiff, Valencia Payne, hereby demands judgment in her favor and against Defendant, St. Moritz Security Services, Inc., for any and all damages deemed necessary and just by the Court.

                Respectfully Submitted,

                DEREK SMITH LAW GROUP, PLLC

                _____
                CHRISTOPHER J. DELGAIZO, ESQUIRE
                Attorney for Plaintiff

                1835 Market Street, Suite 2950
                Philadelphia, PA 19103
                T: 215-391-4790
                Fax: 215-501-5911
                Email: Chris@dereksmithlaw.com

Date: September 15, 2021